FILED

2004 APR 19 P 12: 05

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KIMBERLY GILBERT
   Plaintiff,

v.

CASE NUMBER: 3:02CV41 (AVC)

EAST HARTFORD POLICE
DEPARTMENT, CHIEF MARK SIROIS,
OFFICER ROSARIO, OFFICER FRED
PAQUETTE, OFFICER FOX, SGT.
McQUEENY, SGT. EAGAN, INTERNAL
AFFAIRS OFFICE, OFFICER NATHAN
STEBANS, DISPATCHER BARNETTE,
OFFICER GRIFFIN, OFFICER
RAYMOND CHAVERIER
   Defendants   APRIL 16, 2004

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT DATED JANUARY 27, 2003

1. The defendants deny all of the allegations listed on pages 2 and 3 of the pro se plaintiff's Amended Complaint.

2. As to the portion of the allegations on page 4 of the plaintiff's Amended Complaint which read "April 2000 Held Captive and beaten also tortured caused permanent back injuries contusions and bruises by Kevin Bigoness" the defendants have insufficient knowledge or information upon which to form a belief as to the truth of said allegations, and therefore leave the plaintiff to her burden of proof.

3.  As to the portion of the allegations on page 4 of the plaintiff's Amended Complaint which read "June 2000 held captive 2nd time chocked punched in the stomach, and my right thigh by Kevin Bigoness" the defendants have insufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to her burden of proof.

4.  As to the portion of the allegations on page 4 of the plaintiff's Amended Complaint which read "kidnapped and tortured was forced into vehicle taken to NY, NJ, MA, VT and Manchester, CT. Hit the front of my head punched in the chest could not eat use the bathroom, punched in the chest constantly and finally knocked out cold by Mr. Kevin Bigoness and am left with no short term memory" the defendants are without sufficient knowledge or information thereof to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to her burden of proof.

5.  The remaining allegations on page 4 of the plaintiff's Amended Complaint are denied.

6.  The allegations listed on page 5 of the Amended Complaint that are directed against the defendant "Internal Affairs" are not responded to because the Amended Complaint was dismissed as against the defendant "Internal Affairs" pursuant to the Court's

order of February 26, 2004. To the extent the plaintiff intends those allegations to refer to the remaining defendants they are denied. The remaining allegations on page 5 are denied.

7. The allegations on page 6 of the plaintiff's Amended Complaint are denied.

8. The allegations on page 7 of the plaintiff's Amended Complaint are denied.

9. The language on page 8 of the Amended Complaint does not appear to constitute allegations but instead appears to be the plaintiff's comments about the lawsuit. As such the defendants do not respond to this language or statement. To the extent that a response is deemed to be necessary the defendants admit the portion which reads "the situation, definitely does not warrant me bringing Officer Stebans into a court of law." As to the remaining portion of the text on page 8 the defendants are without sufficient knowledge or information to form a belief as to the truth of said text and, therefore, leave the plaintiff to her burden of proof.

## **AFFIRMATIVE DEFENSES**

First Affirmative Defense

The actions and conduct of the defendants were objectively reasonable under the circumstances of which they were aware and/or they were in the exercise of their discretion, and they are therefore entitled to qualified immunity.

Second Affirmative Defense

The actions and conduct of the defendants did not violate any clearly established state or federal constitutional or statutory rights of which the defendants should have been reasonably aware, and they are therefore entitled to qualified immunity.

Third Affirmative Defense

The plaintiff's complaint fails to state a claim upon which relief can be granted.

Fourth Affirmative Defense

The plaintiff's claims are barred by the doctrine of governmental immunity.

Fifth Affirmative Defense

None of the alleged actions taken by or alleged omissions of the defendants were the proximate cause of the plaintiff's alleged injuries, losses, damages and/or emotional distress.

Sixth Affirmative Defense

The Court lacks jurisdiction of the subject matter.

Seventh Affirmative Defense

The Court lacks jurisdiction over the person with respect to the defendants.

Eighth Affirmative Defense

There was insufficiency of service process with respect to the defendants.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

Respectfully submitted,
Defendants, East Hartford Police Department, Chief Mark Sirois, Officer Rosario, Officer Fred Paquette, Officer Fox, Sgt. Mcqueeny, Sgt. Eagan, Dispatcher Barnette, Officer Griffin, Officer Raymond Chaverier

BY: *Andrew M. D____*
Andrew M. Dewey
Baio & Associates, P.C.
15 Elm Street
Rocky Hill, CT 06067
Tele:. (860) 571-8880
Fax: (860) 571-8853
Federal Bar No. ct07152
Their Attorney
adewey@baiolaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 16th day of April 2004 to the following pro se party at the addresses listed below as follows:

Ms. Kimberly Gilbert
20 Holmes Street
East Hartford, CT 06118

Ms. Kimberly Gilbert
90 Hawthorne Street
Manchester, CT 06040

Andrew M. Dewey

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580