UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIMBERLY GILBERT | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NUMBER: 3:02CV41 (AVC) |
| | : | |
| EAST HARTFORD POLICE | : | |
| DEPARTMENT, CHIEF MARK SIROIS, | : | |
| OFFICER ROSARIO, OFFICER FRED | : | |
| PAQUETTE, OFFICER FOX, SGT. | : | |
| McQUEENY, SGT. EAGAN, INTERNAL | : | |
| AFFAIRS OFFICE, OFFICER NATHAN | : | |
| STEBANS, DISPATCHER BARNETTE, | : | |
| OFFICER GRIFFIN, OFFICER | : | |
| RAYMOND CHAVERIER | : | |
|     Defendants | : | SEPTEMBER 20, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMIME RE: PLAINTIFF'S EXPERT**

Pursuant to Rules 103 and 403 of the Federal Rules of Evidence, Local Rule 7 and 26(a)(2) of the Federal Rules of Civil Procedure, the Defendants, Town of East Hartford Police Department, Chief Mark Sirois, Javier Rosario, Fred Paquette, Brian Fox, Dennis McQueeney, John Egan, Maureen Barnett, Levaniel Griffin, and Raymond Cheverier respectfully submit this Memorandum of Law in support of their Motion to Limine as to Plaintiff's Experts dated September 20, 2005.

I. <u>STATEMENT OF FACTS</u>

On or about May 3, 2005 the Plaintiff filed her trial memorandum. The Defendants filed their portion of the trial memorandum on April 15, 2005 in order to comply with the Court's pretrial order deadline.

In the Plaintiff's trial memorandum she listed her expert witnesses as follows: "Dr. Katz – psychological issues" and "Chiropractor – physical injury." No other information was provided.

Via correspondence dated June 12, 2005 the Plaintiff notified the undersigned counsel that Dr. Carlson has been her chiropractor but that Dr. Carlson was replaced by Dr. May. Miscellaneous medical notes were provided but no other information was disclosed as required by F.R.C.P. 26(a)(2)(B).

Via correspondence dated August 1, 2005 the Plaintiff notified the undersigned counsel for the first time that she intends to call Chief Robert Brautigan as a municipal training expert on police procedure. No other information was provided.

The discovery deadline expired on December 31, 2004. All of these proposed experts were disclosed after the deadline for the filing of the joint trial memorandum.

II. <u>ARGUMENT</u>

F.R.C.P. 26(a)(2)(B) sets forth the following requirements in terms of the disclosure of expert witnesses:

> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Other than the names of the experts the Plaintiff has not disclosed any of the information or data required by Rule 26. Furthermore, these experts were identified by the Plaintiff long after the discovery deadline had expired thereby preventing the Defendants from conducting depositions or other discovery pertaining to these experts. Finally, given this untimely and incomplete disclosure of her expert witnesses the Defendants have been deprived of the opportunity to retain or disclose any expert witnesses. There was no reason

for the Defendants to consult with or to disclose any expert witnesses given that the Plaintiff did not disclose any experts prior to the joint trial memorandum deadline.

Rule 403 of the Federal Rules of Evidence permits the exclusion of relevant evidence if the probative value of the evidence is substantially outweighed by, among other things, the danger of unfair prejudice. Given that the Plaintiff has not fully and timely disclosed all of the data and information, including the opinions of the proposed experts, it is unclear as to whether the testimony of any of these experts would be relevant to the issues in this case. Assuming arguendo that the testimony would be relevant, the Defendants will be greatly prejudiced if these experts are permitted to testify for the reasons set forth above. The Defendants recognize that the Plaintiff is Pro Se, however, that fact alone should not be a sufficient basis to permit the testimony of these experts to the detriment of the Defendants.

Wherefore, the Defendants respectfully submit that the Motion in Limine should be granted.

        Defendants,
        East Hartford Police Department,
        Chief Mark Sirois, Officer Javier Rosario,
        Officer Frederick Paquette, Officer Brian
        Fox, Dennis McQueeney, John Egan,
        Maureen Barnett, Levaniel Griffin, and
        Officer Raymond Cheverier

BY:_____
    Andrew M. Dewey
    Baio & Associates, P.C.
    15 Elm Street
    Rocky Hill, CT 06067
    Tele: (860) 571-8880
    Fax: (860) 571-8853
    Federal Bar No. ct07152
    Their Attorney
    E-mail:adewey@baiolaw.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 20th day of September 2005 to the pro se Plaintiff at the address listed below that she has provided the undersigned counsel with as follows:

Ms. Kimberly Gilbert
40 Henry Street, Apt. 28
Windsor, CT 06095

        _____
        Andrew M. Dewey