UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY GILBERT : | |
|     Plaintiff, : | |
| : | |
| v. : | CASE NUMBER: 3:02CV41 (AVC) |
| : | |
| EAST HARTFORD POLICE : | |
| DEPARTMENT, CHIEF MARK SIROIS, : | |
| OFFICER ROSARIO, OFFICER FRED : | |
| PAQUETTE, OFFICER FOX, SGT. : | |
| McQUEENY, SGT. EAGAN, INTERNAL : | |
| AFFAIRS OFFICE, OFFICER NATHAN : | |
| STEBANS, DISPATCHER BARNETTE, : | |
| OFFICER GRIFFIN, OFFICER : | |
| RAYMOND CHAVERIER : | |
|     Defendants : | SEPTEMBER 20, 2005 |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION IN LIMINE AS TO LIABILITY
INSURANCE OR ALLEGED OFFERS TO COMPROMISE**

    Pursuant to Rules 103, 408, and 411 of the Federal Rules of Evidence and Local Rule 7, the Defendants, Town of East Hartford Police Department, Chief Mark Sirois, Javier Rosario, Fred Paquette, Brian Fox, Dennis McQueeney, John Egan, Maureen Barnett, Levaniel Griffin, and Raymond Cheverier respectfully submit this Memorandum of Law in support of their Motion in Limine As To Liability Insurance or Alleged Offers to Compromise dated September 20, 2005.

1

I. **STATEMENT OF FACTS**

On or about January 27, 2003 the Plaintiff filed her "Civil Complaint Ammended." The Plaintiff alleges in part in the operative complaint that she had settlement discussions with the East Hartford Police Department's insurance company. The Defendants filed a Motion to Strike on or about February 11, 2003 in part in an effort to eliminate these allegations from the Plaintiff's operative complaint. On August 8, 2003 the Court denied the motion to strike and in so doing noted "the court's obligation to construe pro se pleadings with a liberal lens."

II. **ARGUMENT**

Rule 408 of the Federal Rules of Evidence provides in relevant part as follows:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

Rule 411 of the Federal Rules of Evidence provides in relevant part as follows: "Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully."

The Defendants dispute the allegations made by the Plaintiff as to settlement discussions and dispute all of the material allegations of liability made by the Plaintiff. If evidence consistent with the Plaintiff's allegations as to settlement discussions were admitted at trial the Defendants would be prejudiced.

Wherefore, the Defendants respectfully submit that their Motion in Limine should be granted.

        Defendants,
East Hartford Police Department,
Chief Mark Sirois, Officer Javier Rosario,
Officer Frederick Paquette, Officer Brian
Fox, Dennis McQueeney, John Egan,
Maureen Barnett, Levaniel Griffin, and
Officer Raymond Cheverier

BY:_____
    Andrew M. Dewey
    Baio & Associates, P.C.
    15 Elm Street
    Rocky Hill, CT 06067
    Tele: (860) 571-8880
    Fax: (860) 571-8853
    Federal Bar No. ct07152
    Their Attorney
    E-mail:adewey@baiolaw.com

## **CERTIFICATION**

     This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 20th day of September 2005 to the pro se Plaintiff at the address listed below that she has provided the undersigned counsel with as follows:

Ms. Kimberly Gilbert
40 Henry Street, Apt. 28
Windsor, CT 06095

                            _____
                              Andrew M. Dewey