UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIMBERLY GILBERT | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NUMBER: 3:02CV41 (AVC) |
| | : | |
| EAST HARTFORD POLICE DEPARTMENT, CHIEF MARK SIROIS, OFFICER ROSARIO, OFFICER FRED PAQUETTE, OFFICER FOX, SGT. McQUEENY, SGT. EAGAN, INTERNAL AFFAIRS OFFICE, OFFICER NATHAN STEBANS, DISPATCHER BARNETTE, OFFICER GRIFFIN, OFFICER RAYMOND CHAVERIER | : : : : : : : : : | |
|     Defendants | : | SEPTEMBER 20, 2005 |

**DEFENDANTS' SUPPLEMENTAL COMPLIANCE
RE: COURT'S PRETRIAL ORDER**

    The undersigned Defendants hereby supplement their portion of the trial memorandum by providing updated addresses set forth below for the witnesses who were previously disclosed as part of the Defendants' Portion of the Trial Memorandum dated April 15, 2005. In addition, the Defendants are supplementing their prior compliance with the Court's Pretrial Order in response to the filing of the Plaintiff's portion of the trial memorandum and the Plaintiff's subsequent disclosures via correspondence with the undersigned counsel.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

5. <u>FURTHER PROCEEDINGS</u>

The Defendants have requested via separate correspondence that a status conference be scheduled prior to jury selection to address the trial schedule.

The Defendants have also filed simultaneously herewith two motions in limine as to evidentiary issues.

8. <u>LIST OF WITNESSES</u>

The Defendants object to the admissibility of the testimony of Dr. Katz and the "chiropractor" who were listed as expert witnesses in the Plaintiff's portion of the trial memorandum. In correspondence sent by the Plaintiff to the undersigned counsel on or about June 12, 2005, the Plaintiff identified Dr. Carlson and Dr. May as the chiropractors, however, none of these individuals were properly disclosed as expert witnesses pursuant to F.R.C.P. 26(a)(2). They were never disclosed prior to the Plaintiff's filing of her portion of the trial memorandum. The deadline for discovery was December 31, 2004 so the Defendants are prejudiced by this late and incomplete disclosure in that they did not have the opportunity to depose these individuals or to obtain and disclose experts in response.

The Defendants object to the admissibility of the testimony of Chief Robert Brautigan who the Plaintiff disclosed as an expert witness via a letter dated August 1, 2005 that was sent to the undersigned counsel. The Defendants object for the same reasons set forth above for the Plaintiff's other expert witnesses. The Defendants have filed a motion in Limine simultaneously herewith respect to the Plaintiff's experts.

The Defendants also respectfully reserve the right to object to the admissibility of any witness pursuant to Rules 402, 403, 411, and 802 of the Federal Rules of Evidence.

B. <u>Defendants' Witnesses</u>

>Christopher Fraser
>Ambulance Service of Manchester, LLC
>275 New State Road
>Manchester, Connecticut 06040

Mr. Fraser may be called to testify as to his observations of the plaintiff on December 30, 2001 and/or December 31, 2001 including her conduct and demeanor. He may also be called to testify as to information he has that is relevant to the issues raised by the plaintiff during her cases that supports the defense of this matter. The expected duration of his testimony if called is approximately 30 minutes.

Christina Rampelli
Ambulance Service of Manchester, LLC
275 New State Road
Manchester, Connecticut 06040

Ms. Rampelli may be called to testify as to the circumstances surrounding her involvement with the plaintiff on December 30, 2001 and/or December 31, 2001, including her observations of the plaintiff's conduct and demeanor. She may be called to testify as to her training and experience as a paramedic and/or ambulance personnel. She may also be called to testify as to information she has that is relevant to issues raised by the plaintiff during her case that supports the defense of this matter. The expected duration of her testimony if called is approximately 15-30 minutes.

Lieutenant Juan Rivera Malave
℅ East Hartford Police Department
31 School Street
East Hartford, CT 06108

He may be called to testify as to the nature and extent of his involvement with the various civilian complaints that have been filed by the plaintiff against the East Hartford Police Department that are relevant to this matter. He may also be called to testify as to any information that he has regarding the frequency of the plaintiff's contact with the East Hartford Police Department. He may also testify as to his training and experience as a police officer. He may also testify as to information he has that is relevant to the issues raised by the plaintiff during her case that supports the defense of this matter. He may be called to testify as to his transcription of the radio transmissions of the telephone call made by the plaintiff's mother Cathy Calabretta and the plaintiff's aunt to the East Hartford Police Department on December 31, 2001 and December 30, 2001 respectively. The expected duration of his testimony if called is approximately 20-30 minutes.

The Defendants still may also call the other witnesses previously identified in their

Trial Memorandum dated April 15, 2005.

9. <u>EXHIBITS</u>

    A. <u>Plaintiff's Exhibits</u>

The Defendants reserve the right to object to the admissibility of any and all exhibits, including medical records and photographs, offered by the Plaintiff at trial that contain the Plaintiff's handwriting, notes or comments. The Defendants also reserve the right to object to their admissibility pursuant to Rules 402, 403, 411, and 802 of the Federal Rules of Civil Procedure.

    B. <u>Defendants' Exhibits</u>

In response to the Plaintiff's filing of her compliance with the Pretrial Order, her subsequent submissions to Defendants' counsel via correspondence, and in addition to the exhibits previously disclosed via their portion of the trial memorandum dated April 15, 2005, the Defendants may offer the following exhibits at trial depending upon the Plaintiff's presentation of her case.

        18. Ambulance Service of Manchester report dated December 31, 2001.

        19. Certified record of the disposition of the criminal charge brought against the plaintiff regarding her claim against Defendant Brian Fox.

20. East Hartford Police Department's summary of incidents reported to the Department during the period of December 27, 1999 through December 30, 2000 in connection with the Plaintiff or her residence.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

10. <u>TRIAL TO JURY</u>

   B. <u>Defendants' Proposed Jury Instructions</u>

<u>BURDEN OF PROOF ON</u>
<u>42 U.S.C. SECTION 1983 ELEMENTS</u>

The plaintiff has the burden of proving each element of her 1983 claim by a preponderance of the evidence. Preponderance of the evidence means that it is more likely than not that the fact occurred.

Thus, in order to prevail on each of her separate claims, the plaintiff must persuade you that it is more likely than not: first, that the conduct complained of was committed by a person acting under color of state law; second, that the conduct deprived the plaintiff of a right protected by the federal Constitution; and third, that the defendant's conduct was the proximate cause of the injuries and damages, if any, sustained by the plaintiff.[1]

In order for a plaintiff to prove that she was deprived of a right secured by the Constitution of the United States, she must show by a fair preponderance of the evidence that the defendant did indeed commit the acts alleged on the plaintiff, that the acts caused the plaintiff to suffer the loss of a Constitutional right and that in performing the acts

---

[1] Schwartz & Pratt, <u>Section 1983 Litigation Jury Instructions</u>, (Vol. 4, 2001 Supplement) §3.03.1; Wright & Ankerman; <u>Conn. Jury Instructions</u>, (4th Ed.), §690.

alleged, the defendant acted intentionally or recklessly.[2]  In order to establish a claim under the pleadings in this case, the plaintiff must show that the defendant she brought a claim against acted intentionally or recklessly.  An act is intentional if it is done with knowledge that it is likely that it will violate a Constitutional right.  An act is reckless if it is done in conscious or heedless disregard of its known probable consequences.  In determining whether the defendant acted with the requisite recklessness or intent, you should remember that while a witness may see and hear evidence and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what the people involved said was in their minds, and your belief or disbelief with respect to those facts.  Even if you found that the defendant or defendants acted intentionally or recklessly, the defendants would not be legally liable unless such conduct was a legal cause or substantial factor in bringing about the damage to the plaintiff.  The plaintiff must also prove that the defendants' acts were the proximate cause or substantial factor in the damages claimed.[3]

    If you find that the plaintiff has proven all three elements of her claim by a preponderance of the evidence with respect to a particular defendant whom you are

---

[2]  Daniels v. Williams, 474 U.S. 327, 330 (1986).  Board of County Com'rs of Bryan County Okl. v. Brown, 520 U.S. 1283, 1388-1389 (1997). Wright & Ankerman; Conn. Jury Instructions, (4th Ed.), §690.

[3] Wright & Ankerman; Conn. Jury Instructions, (4th Ed.), §690.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

considering separately, you should find that defendant liable. If you find that the plaintiff has not proven any one of these elements with respect to a particular defendant you are considering, then you must find that defendant not liable and return a verdict for the defendant.[4]

## SUPERVISORY LIABILITY

I have already instructed you about the law governing the plaintiff's Section 1983 claims against each of the individual members of the East Hartford Police Department. If you find that the plaintiff has demonstrated that a given defendant violated the plaintiff's constitutionally protected rights, you must then determine whether the plaintiff has also demonstrated a basis for recovery against the Chief of Police Mark Sirois.

The legal rules for determining whether a supervisory official may be held liable for the deprivation of a person's federally protected rights are different from the rules pertaining to the rules governing the liability of a subordinate employee whose conduct directly caused the violation of the plaintiff's federal rights.

A supervisory official may not—I stress may not—be held liable under Section 1983 based solely upon the fact that the supervisor had the obligation and authority to supervise the

---

[4] Schwartz & Pratt, Section 1983 Litigation Jury Instructions, (Vol. 4, 2001 Supplement) §3.03.1.

subordinate employee. Therefore, the mere existence of the supervisory relationship is not, by itself, a sufficient basis for imposing liability upon the supervisory official.

Liability may be imposed upon a supervisory official who participated directly in the violation of a person's constitutionally protected rights. In this case, there is no evidence that Mark Sirois participated directly in the alleged violation of the plaintiff's federal rights.

A supervisor may, however, be held liable for a violation of federally protected rights even if the supervisor did not participate directly in the violation of the plaintiff's federally protected rights. The law recognizes that a supervisor may be found liable if:

1. The supervisor, after being informed of the violation of federally protected rights, failed to take reasonable steps to remedy the wrong; or

2. The supervisor created an unconstitutional policy or custom under which unconstitutional practices occurred, or allowed the continuation of unconstitutional practices to continue; or

3. The supervisor was deliberately indifferent in supervising the subordinate employee or employees who directly engaged in unconstitutional conduct.

By deliberate indifference I mean that the supervisor knew, or had reason to know, that constitutional violations were likely to occur, but failed to take reasonable steps to prevent their occurrence.

Plaintiff has the burden of establishing by a preponderance of the evidence, that Mark Sirois acted in violation of at least one of these standards. It is for you, the jury, to determine

whether Mark Sirois acted in violation of any of these standards. If you find that Mark Sirois did not act in violation of any of these standards you must return a verdict in favor of him.[5]

## EQUAL PROTECTION CLAIM

Plaintiff claims that the defendant violated her rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Equal Protection Clause requires the State to treat similarly situated individuals alike. The Equal Protection Clause protects against selective enforcement of the law based upon impermissible criteria.

In order to prove her claim, the plaintiff must prove by a preponderance of the evidence two elements:

1. That the plaintiff, compared with others similarly situated, was selectively treated by the defendant, and

2. That the defendant's selective treatment of the plaintiff was deliberately based on impermissible criteria.

For the first element, you have heard the evidence with respect to the defendant's conduct toward the plaintiff. You must determine if the defendant selectively treated the plaintiff on this occasion. If he did not, then your verdict will be for the defendant. If he did

---

[5] Colon v. Coughlin, 58F. 3d 865 (2d Cir. 1995); Wright v. Smith, 21 F. 3d 496 (2d Cir. 1994); Canton v. Harris, 489 U.S. 378 (1989). Schwartz & Pratt, Section 1983 Litigation Jury Instructions, (Vol. 4, 2001 Supplement) §16.01.

selectively treat the plaintiff then you will consider the second element; whether the selective treatment was deliberately based on impermissible criteria.

The second element is satisfied if you find, by a preponderance of the evidence, that the defendant's conduct toward the plaintiff was motivated, at least in substantial part, by impermissible criteria. The defendant must have acted deliberately, with this impermissible purpose in mind. If the plaintiff has not proven this claim, then your verdict will be for the defendant.

If plaintiff does prove this claim, then you must also consider whether the defendant has proven, by a preponderance of the evidence, that he would have taken the same action even if he was not motivated by this impermissible purpose. If you find that the defendant would have made the same decision in not arresting Kevin Bigoness regardless of whether the defendant had any impermissible purpose, then your verdict will be for the defendant. If the defendant has not proven by a preponderance of the evidence that he would have engaged in the same conduct toward the plaintiff regardless of any such impermissible purpose, then your verdict will be for the plaintiff.[6]

---

[6] Schwartz & Pratt, Section 1983 Litigation Jury Instructions, (Vol. 4, 2001 Supplement) §5.01.2. Village of Arlington Height v. Metropolitan Housing Dev. Corp., 429 U.S. 252 (1977); Giordano v. City of New York, 274 F. 3d 740, 750-752 (2d Cir. 2001); Knight v. Connecticut Dept. of Public Health, 275 F. 3d 156, 166 (2d Cir. 2001); Harlen Associates Inc. v. Village of Mineola, 273 F. 3d 494, 499-500 (2d Cir. 2001); Pyke v. Cuomo, 258 F. 3d 107, 109-110 (2d Cir. 2001); Diesel v. Town of Lewisboro, 232 F. 3d 92, 103 (2d Cir. 2000); Gant v. Wallingford Board of Education, 195 F.

## **FALSE ARREST/MALICIOUS PROSECUTION**

The plaintiff claims that she was maliciously prosecuted for an incident that occurred in May of 2000 and that her constitutional rights were violated. The defendant does not deny that he arrested the plaintiff, but he contends that he acted with probable cause and without malice. You heard testimony and were presented with evidence concerning the circumstances that resulted in the plaintiff's arrest.

The Fourteenth Amendment to the Constitution provides that no state shall deprive any person of his liberty without due process of law. You are instructed as a matter of law that under the Constitution of the United States every citizen has the right to be free from malicious prosecution for a criminal charge.

For the defendant to be liable on this malicious prosecution claim, the plaintiff must prove four elements by a preponderance of the credible evidence: (1) the defendant initiated a criminal proceeding against the plaintiff; (2) that the criminal proceeding terminated in the plaintiff's favor; (3) that there was no probable cause for initiating the

---

3d 134, 139-140 (2d Cir. 1999); Hayden v. County of Nassau, 180 F. 3d 42, 48 (2d Cir. 1999); United States v. Armstrong, 517 U.S. 456, 465-467 (1996).

criminal proceeding; and (4) the defendant instituted the criminal proceeding by reason of actual malice.[7]

If you find that the plaintiff has not met her burden of proof as to any one of these elements you must find in favor of Officer Fox.

## QUALIFIED IMMIUNITY

Each defendant in this case has raised the defense of qualified immunity and is shielded from liability if:

1. His or her conduct did not violate clearly established constitutional rights or

2. It was objectively reasonable for him or her to believe that their acts did not violate these rights. The defense of qualified immunity is applicable to situations such as this where there are allegations of excessive force, malicious prosecution, and a violation of the right to equal protection under the laws.[8]

Qualified immunity focuses upon the objective reasonableness of each of the defendant's actions at the time he or she acted. Qualified immunity operates to protect police officers from the sometimes hazy border between the acceptable and unacceptable.

---

[7] Pinsky v. Duncan, 79 F. 3d 306, 312 (2d Cir. 1996); Riccuiti v. N.Y.C. Transit Authority, 124 F. 3d 123, 130 (2d Cir. 1997).
[8] Oliviera v. Mayer, 23 F. 3rd 642, 648-650 (2d Cir. 1984), cert. denied, 513 U.S. 1076 (1995)

This protection is essential to ensure that police officers will not shy from their socially critical duties for unnecessary fear of personal liability if, in hindsight, their reasonable judgment is mistaken. It's purpose is to ensure that officers are not held liable unless their conduct is clearly unlawful, in light of established prohibitions in the law.

The qualified immunity doctrine therefore contemplates a margin of error. If an officer's judgment is within a range of reasonable police responses to the circumstances confronting him at that moment, then the officer will not be liable to the plaintiff. The qualified immunity doctrine protects all but the plainly incompetent and those who knowingly violate the law.

In order to impose liability for each of the plaintiff's claims, you must find that the conduct of each defendant was clearly unlawful, and that there existed no substantial grounds for the officer to conclude that there was legitimate justification for acting as he or she did. Even if you find that reasonable officers could disagree about whether the defendant's actions were or were not within bounds of appropriate police responses, then the officer is entitled to qualified immunity and your verdict must be for the defendant.[9]

---

[9] Saucier v. Katz, 533 U.S. 194 (2001); Anderson v. Creighton, 483 U.S. 635 (1987); Malley v. Briggs, 475 U.S. 335 (1986); Harlow v. Fitzgerald, 457 U.S. 800 (1982); Warren v. Dwyer, 906 F. 2d 80 (2d Cir. 1990); Magnotti v. Kuntz, 918 F. 2d 364 (2d Cir. 1990); Robinson v. Via, 821 F. 2d 913 (2d Cir. 1987).

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

## **EXCESSIVE FORCE**

The plaintiff claims that she was subjected to excessive force by Officer Cheverier while she was being taken into custody and transported to the hospital for an emergency examination.

Connecticut General Statutes §17a-503 permits any police officer who has reasonable cause to believe that a person has psychiatric disabilities and is dangerous to herself or others or gravely disabled, and in need of immediate care and treatment, to take such person into custody and to take or cause such person to be taken to a general hospital for an emergency medical examination. C.G.S. §17a-503(a).

To establish an excessive force claim in this case, the plaintiff must show that any force used by Officer Cheverier, in light of the facts and circumstances confronting him, was unreasonable. The reasonableness of the force used is to be judged from the perspective of a reasonable officer on the scene at the time, taking into consideration whether the plaintiff posed an immediate threat to herself or others, and whether she was resisting the efforts of Officer Cheverier or other police officers or other emergency services personnel to take her to the hospital. Williams v. Lopez, 64 F. Supp. 2d 37 (D. Conn. 1999).

If you find that Officer Cheverier used force and his use of force was reasonable the plaintiff has not met her burden of proof and you must find in favor of Officer Cheverier.

>
> Defendants,
> East Hartford Police Department,
> Chief Mark Sirois, Officer Javier Rosario,
> Officer Frederick Paquette, Officer Brian
> Fox, Dennis McQueeney, John Egan,
> Maureen Barnett, Levaniel Griffin, and
> Officer Raymond Cheverier
>
>
> BY:_____
> Andrew M. Dewey
> Baio & Associates, P.C.
> 15 Elm Street
> Rocky Hill, CT 06067
> Tele: (860) 571-8880
> Fax: (860) 571-8853
> Federal Bar No. ct07152
> Their Attorney
> E-mail:adewey@baiolaw.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 20th day of September 2005 to the pro se Plaintiff at the address listed below that she has provided the undersigned counsel with as follows:

Ms. Kimberly Gilbert
40 Henry Street, Apt. 28
Windsor, CT 06095

_____
Andrew M. Dewey